is devoid of any evidence that tends to indicate or raise even a weak presumption that the information contained in the reports is erroneous and the result of clerical error, mistake of facts, or inadvertence.

Under the express terms of the statute, the clerical errors, mistakes of fact, or other inadvertences that may be corrected through reliquidation are those occurring in an entry, liquidation, appraisement, or other customs transaction. Therefore, even were we to assume that the failure to send the notices within the time required was an inadvertence other than a clerical error or mistake of fact, unless the inadvertence was committed in connection with the entry, liquidation, or appraisement of the involved merchandise, or some other customs transaction, it would not be correctable under section 1520 (c) (1), supra. It is at once apparent that the action complained of was in no way related to the entry, liquidation, or appraisement of the importations of twine. It then follows that unless the issuance of the notices of final duties due constituted a customs transaction within the purview of the statute, any inadvertence in connection therewith was not subject to correction under that section.

Though the term "other customs transaction" should be construed and given a comprehensive meaning so as not to frustrate and thwart the intention of the lawmakers in enacting this legislation, we do not think that an action such as this which does not directly or indirectly affect the legal rights or obligations of the plaintiff can be considered a transaction within the intendment of the statute.

Inasmuch as there has been no showing that the plaintiff was entitled to relief under section 1520 (c) (1), supra, the protests are hereby overruled.

BEFORE THE SECOND DIVISION, JULY 25, 1958

**No. 62205.**—Aluminum Import Corp. et al. v. United States, protests 220254–K, etc. (Detroit).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum alloys similar in all material respects to those the subject of C. J. Tower & Sons v. United States (45 C. C. P. A. 43, C. A. D. 670), the claim of the plaintiffs was sustained.

**No. 62206.**—Aluminum Import Corp. v. United States, protest 253392–K (Ogdensburg).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum alloys similar in all material respects to those the subject of C. J. Tower & Sons v. United States (45 C. C. P. A. 43, C. A. D. 670), the claim of the plaintiff was sustained.